PAMELA D. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 4881-94.
United States Tax Court
T.C. Memo 1995-412; 1995 Tax Ct. Memo LEXIS 411; 70 T.C.M. (CCH) 511; August 23, 1995, Filed *411 Decision will be entered under Rule 155. Pamela D. Johnson, pro se. Roberta L. Shumway, for respondent. COUVILLION, Special Trial Judge COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 1,871 in petitioner's Federal income tax for 1990. After concessions by the parties, [2] the remaining issue for decision is whether petitioner is entitled to a theft loss deduction under section 165(a) in the amount of $ 5,419. *412 Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Houston, Texas. Petitioner's grandmother passed away in March 1986. Shortly thereafter, petitioner received from her grandfather jewelry and coins that had belonged to petitioner's grandmother. The jewelry given to petitioner consisted of three rings -- a platinum ring and two diamond cocktail rings. The coins received included a few hundred silver dollars and several silver coins and Indian head nickels. The jewelry and coins (items) were kept by petitioner's father for safekeeping. Petitioner's father kept the items in a locked, inoperable vehicle in his driveway. In January 1990, the items were stolen from petitioner's father's vehicle. A police report was made; however, the items were not recovered, and no arrests were made with respect to the theft. [3] Petitioner did not have a written inventory or record of the items. Petitioner did not know when or how her grandmother acquired the coins or the diamond cocktail rings. The platinum ring had been given to petitioner's father's *413 former fiancee who, in turn, gave the ring to petitioner's grandmother when the relationship between petitioner's father and his fiancee ended. The items had never been appraised, nor were they insured. On her 1990 Federal income tax return (return), petitioner claimed a casualty and theft loss deduction of $ 5,519. In the notice of deficiency, respondent disallowed $ 5,419 of the loss on the basis that "it has not been established that you are entitled to this deduction." The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the *414 burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deductions claimed on the return. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to keep records sufficient to determine their income tax liability. Sec. 6001. Section 165(a) allows a taxpayer to deduct any loss sustained during the taxable year and not compensated for by insurance or otherwise. In particular, section 165(c)(3) allows a deduction to an individual for loss of property not connected with a trade or business or a transaction entered into for profit, if such loss arises from fire, storm, shipwreck, or other casualty, or from theft. Personal casualty or theft losses are deductible only to the extent that the loss exceeds $ 100 and 10 percent of adjusted gross income. Sec. 165(h)(1) and (2). The measure of a theft loss is determined by section 1.165-7(b)(1), Income Tax Regs. Generally, the loss for purposes of section 165(a) shall be the *415 lesser of (1) the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty, or (2) the amount of the adjusted basis prescribed in section 1.1011-1, Income Tax Regs., for determining loss from the sale or other disposition of the property. Where the loss results from a theft, the fair market value of the property immediately after the theft is considered to be zero. Sec. 1.165-8(c), Income Tax Regs. Under section 1.1011-1, Income Tax Regs., adjusted basis is the cost or other basis of property under section 1012, adjusted to reflect allowable deductions for depreciation under section 1016. In this case, there is no evidence to show that the property was ever used in a trade or business; consequently, the cost or basis of the property was not subject to adjustment for depreciation. On Schedule 4684 of her return, petitioner listed the cost or basis of the property at $ 7,650 and a fair market value of the property before the theft of $ 11,500. After applying the limitation provisions of section 165(h)(1) and (2), petitioner claimed a theft deduction of $ 5,519. Respondent, in the notice of deficiency, *416 disallowed $ 5,419. [4] Petitioner presented no documentation to establish the cost or basis of the items stolen, nor the fair market value of the property prior to the theft. With the exception of the platinum ring, petitioner did not know when or how her grandmother had acquired the items. While it may be difficult to establish the basis or the fair market value of property acquired many years in the past, especially property received through inheritance or gift, petitioner had the burden to present reliable evidence to establish these values. This Court is not bound to accept the statements of a party without further corroborating evidence. Davis v. Commissioner, 88 T.C. 122, 141 (1987), affd. 866 F.2d 852 (6th Cir. 1989). Nevertheless, the Court finds that a theft occurred, and petitioner lost some personal property in this theft. Based on this record, considering the probable fair market value of the stolen property and its basis, the Court estimates petitioner's theft loss to be in the amount of $ 2,500. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Petitioner is entitled to a loss for *417 that amount, subject to the limitation provisions of section 165(b)(1) and (2). [5]
In order to reflect the foregoing, as well as petitioner's concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial, petitioner conceded: (1) That she is entitled to a charitable contribution deduction of $ 2,975, rather than $ 4,255 claimed on Schedule A of her return; (2) that she is entitled to miscellaneous itemized deductions of $ 647, rather than $ 5,971 claimed on Schedule A of her return; and (3) that she is not entitled to a credit for child and dependent care expenses in the amount of $ 231. As to the miscellaneous itemized deductions, respondent disallowed the $5,971 claimed on petitioner's return; however, at trial, counsel for respondent conceded petitioner's entitlement to a $ 647 deduction as agreed to by petitioner.↩
3. Although the Court questioned the wisdom of storing valuable property in an inoperable or abandoned vehicle, petitioner advised the Court that her father's residence was a trailer that, for all intents and purposes, was more likely to be broken into than an unused, inoperable vehicle. The Court finds that rationale plausible. On this record, based on this testimony and other considerations, the Court is satisfied that a theft occurred.↩
4. Petitioner incorrectly computed the deduction at $ 5,519. Mathematically, the deduction claimed should have been $ 5,419. Respondent's adjustment of $ 5,419 takes into account petitioner's mathematical error.↩
5. In the notice of deficiency, because of the theft loss adjustment and other adjustments to petitioner's itemized deductions, respondent determined that petitioner was entitled to the standard deduction under sec. 63(c). With respondent's concession at trial of a portion of the disallowed miscellaneous itemized deductions and the Court's holding as to the theft loss deduction, the Rule 155 computation will take into consideration whether the standard deduction or itemized deductions is most beneficial to petitioner.↩